**UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| PAULA WHITE, | ) | Civil Action No.: 2:22-cv-02201-DCN |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | Jury Trial Demanded |
| DOORDASH, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Nature of this Action**

1. Paula White ("Plaintiff") brings this action against DoorDash, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it placed to Plaintiff's cellular telephone number, without prior express consent.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

5. For example, Defendant placed calls in connection with which it used an artificial or prerecorded voice to Plaintiff's cellular telephone in this district, and Plaintiff answered Defendant's calls and received Defendant's artificial or prerecorded voice messages in this district.

1

## Parties

6. Plaintiff is a natural person who resides in Summerville, South Carolina.

7. Defendant is a company that operates a food ordering and food delivery platform.

8. Defendant is headquartered in San Francisco, California.

## Factual Allegations

9. Plaintiff is, and has been since January 2020, the sole subscriber to, and user of, her cellular telephone number—(470) XXX-2138.

10. Sometime after January 2020, Defendant began placing calls to telephone number (470) XXX-2138, intending to reach someone other than, and unknown to, Plaintiff.

11. In placing calls to telephone number (470) XXX-2138, Defendant apparently intended to reach a restaurant—D's Original Portland Jerk House.

12. At no point did Plaintiff own, operate, work for, or have any relationship with D's Original Portland Jerk House.

13. Defendant used an artificial or prerecorded voice in connection with calls it placed to telephone number (470) XXX-2138.

14. For example, on many occasions Defendant placed a call to telephone number (470) XXX-2138, and delivered the following artificial or prerecorded voice message:

> If you would like to hear this message again, press 2. If you would like us to call you back later, please hang up the phone. If you need to speak to someone at DoorDash, press 3, If you believe you have received this call in error, and would like to be opted out, please go to help.doordash.com\f\optout

CLICK HERE to listen to the voice message.

15. Defendant placed many of its calls from telephone number (650) 450-4940.

16. When dialed, telephone number (650) 450-4940 plays a greeting that begins: "Thank you for calling DoorDash. To continue in English, press 1."

17.     On a number of occasions Plaintiff answered calls from Defendant, listened to an artificial or prerecorded voice message that Defendant delivered, and navigated an automated prompt system to speak to a live person.

18.     On each occasion Plaintiff did so, she informed Defendant that she did not know why Defendant was placing calls to her cellular telephone, and asked Defendant to stop placing calls to telephone number (470) XXX-2138.

19.     Defendant, however, continued to place calls to, and deliver artificial or prerecorded voice messages to, telephone number (470) XXX-2138.

20.     As well, on at least one occasion, Plaintiff placed a call to Defendant, informed Defendant that it was placing calls to a wrong telephone number, and asked Defendant to stop placing calls to telephone number (470) XXX-2138.

21.     Defendant, however, continued to place calls to, and deliver artificial or prerecorded voice messages to, telephone number (470) XXX-2138.

22.     And Defendant continues to place frequent calls to, and deliver artificial or prerecorded voice messages to, telephone number (470) XXX-2138, often multiple times per day, and even multiple times per hour.

23.     For example, Defendant placed calls and delivered artificial or prerecorded voice messages to telephone number (470) XXX-2138 as follows:



24. Plaintiff does not have, nor did she have, any relationship with Defendant.

25. Plaintiff did not provide telephone number (470) XXX-2138 to Defendant.

26. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (470) XXX-2138.

27. Defendant placed its calls to telephone number (470) XXX-2138 for non-emergency purposes.

28. Defendant placed its calls to telephone number telephone number (470) XXX-2138 voluntarily.

29. Defendant placed its calls to telephone number (470) XXX-2138 under its own free will.

30. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with calls it placed to telephone number (470) XXX-2138.

31. Plaintiff suffered actual harm as a result Defendant's calls, in connection with which it used an artificial or prerecorded voice, in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

32. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-30.

33. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, without consent.

34. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, in connection with which it uses an artificial or prerecorded voice;

c) Awarding Plaintiff damages under 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff treble damages under 47 U.S.C. § 227(b)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: July 11, 2022

*/s/ David A. Maxfield*
Dave Maxfield, Attorney, LLC
Dave Maxfield, Esq., Fed ID 6293
P.O. Box 11865
Columbia, SC 29211-1865
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

Aaron D. Radbil (*pro hac vice* application to be filed)
GREENWALD DAVIDSON RADBIL PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Tel: (512) 425-4036
aradbil@gdrlawfirm.com

*Counsel for Plaintiff*